

FILED
JAN 08 2009

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MACHEO WELLS, | * | CIV 07-4136 |
| Petitioner, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| J.D. WHITEHEAD, Warden, Federal Prison Camp, Yankton, South Dakota | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending before the Court is Respondent's Motion to Dismiss Habeas Petition, doc. 9. Petitioner, Macheo Wells, was an inmate at the Federal Prison Camp in Yankton, South Dakota, when he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claimed that his eligibility for a sentence reduction under 18 U.S.C. § 3621(e) was wrongfully revoked by the Bureau of Prisons, and that he should be entitled to receive twelve months off of his sentence after he completes the residential drug abuse treatment program.

Respondent's Motion to Dismiss and the supporting Declaration of Kathy Schwader reveal that Petitioner was released from custody on March 14, 2008, after being resentenced under the retroactive application of the federal sentencing guidelines for crack cocaine. Because Petitioner is no longer in custody, Respondent asserts that this case no longer presents a live case or controversy. Respondent seeks dismissal for lack of jurisdiction pursuant to FED.R.CIV.P. 12(b)(1). Petitioner did not respond to the Motion to Dismiss.

Addressing the doctrine of mootness, the Eighth Circuit has stated:

The judicial power of the federal courts is restricted by Article III of the Constitution to cases and controversies. This court has defined a "case or controversy" to require: "a definite and concrete controversy involving adverse legal interests at every stage

in the litigation." *McFarlin v. Newport Special Sch. Dist.*, 980 F.2d 1208, 1210 (8th Cir.1992). The controversy must be one for which the court can grant specific and conclusive relief. *Id.* Occasionally, due to the passage of time or a change in circumstance, the issues presented in a case will no longer be "live" or the parties will no longer have a legally cognizable interest in the outcome of the litigation. When such changes prevent a federal court from granting effective relief, the case becomes moot. *See Murphy v. Hunt*, 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam); *Carson v. Pierce*, 719 F.2d 931, 933 (8th Cir.1983). Mootness therefore acts as a jurisdictional bar, and must be considered before reaching the merits of the case.

*Arkansas AFL-CIO v. F.C.C.*, 11 F.3d 1430, 1435 (8th Cir. 1993). Since Petitioner has already been released from custody, his claim that he should receive twelve months off his sentence after completing drug treatment is moot, and this § 2241 must be dismissed for lack of jurisdiction. Accordingly,

IT IS ORDERED:

(1)   That the Motion to Dismiss Habeas Petition, doc. 9, is granted.

(2)   That the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is dismissed for lack of jurisdiction.

Dated this 8th day of January, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY
(SEAL)     DEPUTY